IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET JOHNSON, | : | |
|     Plaintiff | : | 1:11-cv-00507 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COMMERCIAL ACCEPTANCE | : | |
| COMPANY; JOHN DOES 1-10; and | : | |
| XYZ CORPORATION | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Janet Johnson's application to proceed in forma pauperis. (Doc. No. 2.) For the reasons that follow, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis.

**I.   DISCUSSION**

    **A.   Proceedings In Forma Pauperis**

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). Leave to proceed in forma pauperis is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). A petitioner seeking leave must file an affidavit of poverty with the court, disclosing every source of income, financial account, and valuable property, as well as the amount of any financial support of dependent persons. The court then conducts a thorough review of the affidavit and, provided it is satisfied that the petitioner is without sufficient resources to pay the costs and fees of the proceeding, grants leave to proceed in forma pauperis. Id.

In her affidavit, Plaintiff avers that she is currently unemployed. (Doc. No. 2.) She indicates that she owns a house valued at $55,000 with a mortgage balance of $50,000 and has a savings account with a balance of less than $500.00. (Id.) Plaintiff also owns a 2004 Pontiac with a lien held by Wells Fargo for approximately $4,700.00. (Id.) In addition, Plaintiff receives $969.00 a month in Social Security. (Id.) Based on these facts, the Court finds that Plaintiff is without sufficient resources to pay the costs and fees of the proceeding. Accordingly, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis.

B.  **Merits Analysis Under 1915(e)(2)**

Having determined that Plaintiff is entitled to proceed in forma pauperis, the Court is next required to assess the sufficiency of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, courts apply the same standard as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] See Tourscher v. McCollough, 184 F.3d 236,

---

[1] A motion to dismiss under Rule 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land, Co., 906 F.2d 100, 103 (3d Cir. 1990).

240 (3d Cir. 1999).

15 U.S.C. §1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." It is a violation of the Act for the debt collector to fail to disclose in the initial oral communication with the consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11). It is also a violation of the Act for the debt collector to fail "to disclose in subsequent communications that the communication is from a debt collector . . . ." Id. Moreover, 15 U.S.C. § 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(6) states that, except as provided in Section 1692b[2], the placement of telephone of calls without meaningful disclosure of

---

[2] 15 U.S.C. §1692b, entitled "Acquisition of location information," states:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
> (4) not communicate by post card;
>
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the

the caller's identity is a violation of the Act.  15 U.S.C. § 1692d(6).

Plaintiff alleges that Defendants Commercial Acceptance Company, John Does 1-10, and XYZ Corporations violated Sections 1692d and 1692e of the Fair Debt Collection Practices Act. Plaintiff alleges that "Defendant contacted Plaintiff's daughter by telephone and left one or more voicemail messages."  (Doc. No. 1 ¶ 15.)  The complaint quotes one such voicemail message as follows:

> Good afternoon, this is Troy Williams from Credit Acceptance returning your call.  I did try to call the other number you left and I was told it was the wrong number at : 599-4 . . . . Hello? Well anyway, this is going to be my last phone call to you on this (N/A) After the last message she left me I have went ahead and made the decision that we are going to go ahead and deal directly with your mother regarding this.  Appreciate your time and have a.

(Id.)  According to Plaintiff, this voicemail was a violation of the Act because "the telephone call was placed without meaningful disclosure" of the identity of Defendant and without "disclosure that the calls was [sic] from a debt collector, and Defendant(s) failed to disclose the nature of the communication."  (Id. ¶¶ 22, 23.)  "Meaningful disclosure has been held to require the debt collector 'to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business.'" Gryzbowski v. I.C. Sys., Inc., 691 F. Supp. 2d 618, 625 (M.D. Pa. 2010) (quoting Baker v. Allstate Fin. Serv., Inc., 554 F. Supp. 2d 945, 949 (D. Minn. 2008)). Plaintiff also avers that on one or more occasion, an agent, employee, or representative of

---

communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

Defendant, identified as Troy Williams, "made threats or implications of legal action against Plaintiff regarding the alleged consumer debt which was the subject of Defendant(s) [sic] collection activity against Plaintiff." and that these threats of legal action were "wholly false and untrue." (Doc. No. 1 ¶¶ 24-27.) Plaintiff claims that these threats were made "solely for the purpose of harassment, intimidation, and to coerce a payment from Plaintiff to Defendant for the alleged consumer debt which was the subject of Defendant(s) [sic] collection activity against Plaintiff." (Id. ¶ 28.) These factual averments are sufficient to satisfy the Court at this juncture that Plaintiff's claims are nonfrivolous and state a claim on which relief could be granted.

## II.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis. An order consistent with this memorandum will follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANET JOHNSON,** | : | |
| Plaintiff | : | 1:11-cv-00507 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **COMMERCIAL ACCEPTANCE** | : | |
| **COMPANY; JOHN DOES 1-10; and** | : | |
| **XYZ CORPORATION** | : | |
| Defendants | : | |

**ORDER**

**NOW**, on this 13th day of April 2011, upon consideration of Plaintiff's motion for leave to proceed in forma pauperis, (Doc. No. 2), **IT IS HEREBY ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. The Clerk of Court is directed to serve Defendants with a copy of the Complaint.

                                           S/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania